## SHEA v. MANHATTAN RY. Co.

*(City Court of New York, General Term.   November 14, 1889.)*

1. FALSE IMPRISONMENT—PROBABLE CAUSE.
   In an action for false imprisonment, where it appears that the arrest was caused by defendant's employe, who had authority to cause arrests in case of disturbance, it is for the jury to say whether the employe was justified by the circumstances in causing the arrest.

2. SAME—EVIDENCE.
   It was not error to admit in evidence police court records to show that plaintiff was arrested on the charge of the employe, and was discharged by the justice.

Appeal from trial term.

Action by Thomas J. Shea against the Manhattan Railway Company for false imprisonment.   Judgment was entered on verdict in favor of plaintiff, and defendant appeals.

Argued before McADAM, C. J., and HOLME and EHRLICH, JJ.

*Davies & Rapallo,* for appellant.   *Wm. King Hall,* for respondent.

HOLME, J.   The plaintiff·made out a clear case of false imprisonment against the defendant.   If the plaintiff was making a disturbance, as was claimed by the defendant on the trial, it was certainly within the scope of Clements' employment to suppress it, and, if necessary for that purpose, to cause the arrest of the plaintiff.   He had the charge for the defendant of the platform where the trouble arose.   It was his duty to see that the business of the company was transacted there with comfort and safety to the passengers, and the company, having intrusted him with that duty, was liable for a misuse of the authority which it gave him; hence it was properly left to the jury to say, on the facts presented before them, whether the action of Clements in causing the arrest was justified by the circumstances.   It is the duty of the defendant to treat its passengers with courtesy and kindness; and where one of its employes, while engaged in the business of the company, whether willfully and maliciously, or in consequence of what he considered a duty, ill-treats a passenger, so far as to wrongfully cause his arrest, the company is liable for it.   *Stewart* v. *Railway Co.,* 90 N. Y. 588.

The court did not refuse to charge that the credibility of the plaintiff as a witness in his own behalf was a question for the jury; but expressly left them to say whether the plaintiff's testimony was to be believed.   The court plainly told the jury that they might believe or reject his testimony, and find a verdict accordingly.   That was the most that the defendant was entitled to ask.   The plaintiff was corroborated as to all the material facts in the case by the witness Fuller.

I do not think the court erred in admitting in evidence the records of the police court, as they showed that the plaintiff was arrested on a charge made by Clements at the time and place as testified to by the plaintiff, and that he was discharged by the police justice.

I find no errors prejudicial to the defendant in the admission or exclusion of evidence, and I think the judgment should be affirmed.

McADAM, C. J., *(concurring.)*   The defendant's request to charge "that the jury were at liberty wholly to reject the plaintiff's testimony, so far as it is not corroborated by other evidence," was, as an abstract proposition of law, literally correct, but inapplicable to this case, because the plaintiff's companion and friend, Mr. Fuller, who shared the assault and arrest complained of, was the principal witness for the plaintiff, and corroborated him fully in regard to every material matter about which he testified.   *Priebe* v. *Bridge Co.,* 77 N. Y. 597.   With this brief reference to that which might, on first impression,

be regarded as an error in the charge of the trial judge, I concur with Judge HOLME that the judgment appealed from should be affirmed, with costs.

EHRLICH, J., concurs.